# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,   No. 20-cr-153-PAM-KMM

   Plaintiff,

v.   **ORDER**

1. JARVAE JOSIAH SOMERVILLE; and
2. RONALD DONTE FINLEY, Jr.;

   Defendants.

This matter is before the Court on the parties' motions for discovery, disclosure, and other non-dispositive relief. The Court held a hearing on these motions and on the Defendants' suppression motions on February 17, 2021. Based on the non-dispositive motions, the discussion at the hearing, and on the entire file, the Court enters the following Order.[1]

1. **Mr. Finley's Motion for Discovery (ECF No. 24); Mr. Somerville's Motion for Discovery (ECF No. 42); Mr. Somerville's Motion for Discovery and Inspection of Expert Witness Testimony (ECF No. 48); Mr. Somerville's Motion for Rule 16 Discovery Regarding Experts (ECF No. 58)**

The Defendants' motions for discovery are **GRANTED**. The government shall make expert disclosures at least **four weeks prior to trial**. The defendants shall make any responsive expert disclosures at least **three weeks prior to trial**.

---

[1] The Court will address the Defendants' suppression motions in a separate Report and Recommendation following a period of post-hearing briefing.

2. **Mr. Finley's Motion for Disclosure of Confidential Informants (ECF No. 25); Mr. Somerville's Motion to Disclose and Make Informant Available for Interview (ECF No. 55); Mr. Somerville's Motion for Disclosure of and Access to Informants and Cooperating Defendants (ECF No. 57)**

Mr. Finley and Mr. Somerville move for orders requiring the government to disclose any informants or cooperating defendants and to make them available for interview. The government states that it is not aware of any informants in this case who would fall under the auspices of *Roviaro v. United States*, 353 U.S. 53 (1957) (providing that the government's privilege to withhold the identity of an informer may give way and the trial court may require disclosure of an informant's identity or "the contents of his communication" if that information is "relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause"). The government avers that there are no informants in this case whose disclosure is required. Therefore the motion is **DENIED WITHOUT PREJUDICE**. However, the government is instructed to notify opposing counsel if its position changes, or if informants are discovered whose disclosure may be necessary.

3. **Mr. Finley's Motion to Compel Production of *Giglio* Material (ECF No. 26); Mr. Somerville's Motion to Compel Attorney for the government to Disclose Evidence Favorable to Defendant (ECF No. 39); Mr. Somerville's Motion for Discovery of Impeaching Information and Exculpatory Evidence (ECF No. 44)**

The Defendants' motions for discovery of exculpatory and impeaching information are **GRANTED** to the extent required by *Brady v. Maryland*, 373 U.S. 83 (1963), *United States v. Giglio*, 405 U.S. 150 (1972), and their progeny. These cases impose affirmative and ongoing disclosure obligations on the government.

4. **Mr. Finley's Motion to Produce Grand Jury Transcripts (ECF No. 27); Mr. Somerville's Motion for Disclosure of Grand Jury Transcripts (ECF No. 40)**

The Defendants' motions for immediate disclosure of all grand jury transcripts are **DENIED**. However, portions of the grand jury transcripts must be disclosed if required by the Jencks Act or *Brady v. Maryland*.

5. **Mr. Finley's Motion for Counsel to Participate in Voir Dire (ECF No. 29); Mr. Somerville's Motion for Counsel to Participate in Voir Dire (ECF No. 50)**

The Defendants' motions are **DENIED** without prejudice as premature. The District Court will consider whether to permit counsel to participate in voir dire.

6. **Mr. Finley's Motion for Disclosures of Jencks Act Material (ECF No. 32); Mr. Somerville's Motion for Disclosure of Jencks Act Material (ECF No. 41)**

The Defendants' motions for early disclosure of Jencks Act material are **DENIED**. *United States v. White*, 750 F.2d 726, 728–29 (8th Cir. 1984). The government has agreed to provide any Jencks Act material that it has not already disclosed no later than three days prior to trial. The Court encourages the government to consider making those disclosures even sooner and to engage in "open-file" discovery if possible to ensure that there are no unnecessary delays at trial and to promote the fairness of the proceedings.

7. **Mr. Finley's Motion for Disclosure of Electronic Surveillance and Wiretapping (ECF No. 33)**

Mr. Finley's motion is **GRANTED**. The government represents that it has turned over all evidence in its possession regarding surveillance of the Defendants and that this case does not involve a wiretap.

8. **Mr. Somerville's Motion for Disclosure of 404 Evidence (ECF No. 35)**

Mr. Somerville's motion for disclosure of evidence the government may introduce pursuant to Federal Rule of Evidence 404(b) is **GRANTED**. The government shall provide the notice required by Rule 404(b) at least **three weeks prior to trial**.

9. **Mr. Somerville's Motion to Retain Rough Notes (ECF No. 37)**

Mr. Somerville's motion for an order requiring the government's investigators to retain and preserve their rough notes is **GRANTED**. Disclosure of rough notes is not required at this time.

### 10. Mr. Somerville's Motion for Disclosure of Government's Intent to Use Residual Hearsay Exception (ECF No. 46)

Mr. Somerville's motion for disclosure of the government's intent to use the residual hearsay exception is **GRANTED** as follows. The government shall provide the notice required by Fed. R. Evid. 807(b) at least **three weeks prior to trial**. This Order does not require the government to provide the address of the declarant as part of that notice because such a requirement was removed as a result of the 2019 amendments to Rule 807. Mr. Somerville has not shown that disclosure of any declarant's address is critical and cannot be obtained by him through other means. Fed. R. Civ. P. 807, advisory committee notes to the 2019 Amendment ("If prior disclosure of the declarant's address is critical and cannot be obtained by the opponent through other means, then the opponent may can seek relief from the court.").

### 11. Mr. Somerville's Motion for Discovery of Conspiracy Statements of Co-Defendants (ECF No. 47)

Mr. Somerville seeks an order requiring the government to give notice of any intent to use the statements or confessions of any defendant or unindicted co-conspirator pursuant to *Bruton v. United States*, 391 U.S. 123 (1968). *Bruton* addresses circumstances in which the government introduces the statement of one co-defendant during a joint trial and that co-defendant is not subject to cross-examination because he has exercised his Fifth Amendment right against self-incrimination. At this stage, it is unclear whether these circumstances will arise. The government asserts that, at this time, it does not have any statements of the Defendants that inculpate co-defendants. Based on the foregoing, the motion is **DENIED** without prejudice as premature.

### 12. Mr. Somerville's Motion for Leave to File Additional Pretrial Motions (ECF No. 49)

Mr. Somerville has moved for leave to file additional pretrial motions if there is good cause for additional motions to be filed. Federal Rule of Criminal Procedure 12(c)(3) provides that pretrial motions required to be filed by a court-ordered deadline must be made by that deadline, but allows the court to consider the motion if the party shows good cause. Accordingly, Mr. Somerville's motion is **GRANTED**.

**13. Mr. Somerville's Motion to Sever Defendant (ECF No. 51)**

Mr. Somerville seeks an order severing the charges against him and requiring separate trials for he and his co-defendant, Mr. Finley. Mr. Somerville's motion is **DENIED** without prejudice at this time because he has not demonstrated that a joint trial would be prejudicial. *United States v. Sanchez-Garcia*, 685 F.3d 745, 754 (8th Cir. 2012) ("A defendant is entitled to severance only if he shows that prejudice would result from a joint trial."). However, he may re-raise this issue to the District Court.

**14. Mr. Somerville's Motion for Disclosure of ID Evidence (ECF No. 52)**

Mr. Somerville seeks an order requiring disclosure and suppression of identification by any witness of his likeness or his voice. The government asserts that it has no such evidence and agrees, to the extent such evidence exists, it will not use it in its case-in-chief. Based on the government's representations, the motion is **DEEMED MOOT**.

Date: March 3, 2021

                                              *s/Katherine Menendez*
                                              Katherine Menendez
                                              United States Magistrate Judge