UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Crim. No. 20-153 (PAM/KMM) |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| Jarvae Josiah Somerville (1), and Ronald Donte Finley, Jr. (2), | |
| Defendants. | |

This matter is before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge Kate M. Menendez dated May 13, 2021. (Docket No. 91.) The R&R recommends denying Defendants Jarvae Josiah Somerville and Ronald Donte Finley, Jr.'s numerous Motions to Suppress. Defendants filed timely objections to the R&R (Docket Nos. 93 and 95) and the Government responded to those objections. (Docket Nos. 96 and 97.) The matter is now ripe for this Court's review, which is de novo. 28 U.S.C. § 636(b)(1); D. Minn. L.R. 72.2(b). For the following reasons, the Court adopts the R&R.

**BACKGROUND**

The full factual background in this matter is set forth in the thorough R&R and will not be repeated here. Facts necessary to an understanding of the legal discussion will be incorporated into the discussion below.

As the R&R noted, the Government indicated that it either will not offer or has no evidence regarding four of Defendants' Motions; those Motions are thus denied as moot. (Docket Nos. 30, 43, 53, and 56.)

The outcome of four remaining Motions depend on Defendants' assertions regarding the legality of their arrests. (Docket Nos. 28, 31, 59, and 60.) Although the R&R found that law enforcement initially lacked probable cause to arrest Defendants, Magistrate Judge Menendez ultimately concluded that the arrests were nevertheless legal. Thus, the R&R recommended denying Defendants' remaining Motions, which include Motions to Suppress Evidence Obtained as a Result of Illegal Stops, Arrests, and Searches (Docket Nos. 31 and 60) and Evidence Obtained Pursuant to Search Warrants. (Docket Nos. 28 and 59.) Defendants object to that recommendation. For the following reasons, the Court adopts the R&R.

**DISCUSSION**

**A.     Somerville**

Defendant Somerville's objections state that he disagrees with the R&R's finding regarding his suppression Motions, relying on arguments he made before the Magistrate Judge. (See Docket No. 95.) He fails to articulate any specific objection or reference any facts or law to bolster this argument. Regardless, as the R&R thoroughly discussed, his objections are without merit.

**B.     Finley**

The R&R found that, based on the totality of the circumstances, Finley's flight from law enforcement provided independent probable cause for arrest under Minn. Stat.

§ 609.487(6). Finley objects to this finding, arguing that he did not know that he was under arrest. (Docket No. 58 at 3-5.) As the R&R explained, the relevant inquiry is the objective reasonableness of the arresting officer's perspective and knowledge. (R&R at 19 (citing United States v. Flores-Lagonas, No. 19-3108, 2021 WL 1228061, at *6 (8th Cir. Apr. 2, 2021)).) Finley's perception of the event is irrelevant. The R&R correctly found that based on the totality of the circumstances and the officers' training and experience, it was reasonable for the officers to conclude that Finely was fleeing, which created probable cause for his arrest. (R&R at 18.)

Even if Finley's perspective factored in the probable-cause analysis, the evidence established that he knew that he was under arrest. The arresting officers wore tactical vests with "Police" on the front and back, displayed law-enforcement badges, and "behaved in a manner completely consistent with multiple officers making an arrest." (Id. at 5, 18.) As the R&R described, the officers were shouting "quintessential law enforcement orders that accompany an arrest," instructing him to put his hands in the air and get on the ground. (Id. at 20.) Moreover, Finley continued to struggle with law enforcement even after he was arrested, further demonstrating that he knew what was happening. (Id.) Finley's argument that he believed the police to be carjackers is absurd, and his objections are without merit.

Accordingly, **IT IS HEREBY ORDERED** that:

1. The Court **ADOPTS** the R&R (Docket No. 91);
2. Defendant Finley's Motion to Suppress Evidence Obtained Pursuant to Search Warrants (Docket No. 28) and Motion to Suppress Evidence as a Result of Illegal Stops, Arrests, and Searches (Docket No. 31) are **DENIED**;

3

3. Defendant Finley's Motion to Suppress Evidence Obtained from Electronic Surveillance and Wiretapping (Docket No. 30) is **DENIED as moot**;

4. Defendant Somerville's Motion to Suppress the Contents of any Intercepted Wire or Oral Communications and Evidence Derived Therefrom (Docket No. 43) and Motion to Suppress ID Evidence (Docket No. 53) are **DENIED as moot**;

6. Defendant Somerville's Motion to Suppress Statements (Docket No. 56) is **DENIED without prejudice as moot**, unless the Government intends to use this statement in its case in chief; and

7. Defendant Somerville's Motion to Suppress Evidence Obtained Pursuant to Search Warrants (Docket No. 59) and Motion to Suppress Evidence as a Result of Illegal, Stops, Arrests, and Searches (Docket No. 60) are **DENIED**.

Date: <u>Friday, July 9, 2021</u>

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge
