UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,                                           Crim. No. 20-153 (PAM/KMM)

                    Plaintiff,

v.                                                                   **MEMORANDUM AND ORDER**

Jarvae Josiah Somerville (1),
and Ronald Donte Finley, Jr. (2),

                    Defendants.

_____

This matter is before the Court on the Government's Motions in Limine and Defendant Somerville's Motion in Limine.  For the following reasons, the Government's Motions are granted in part and denied without prejudice in part, and Defendant Somerville's Motion is denied.

**A.      May 19, 2020, Shooting**

To provide context for the arrests in this case, the Government moves for a pretrial ruling allowing it to offer evidence that officers arrested Somerville and Finley in connection with a May 19, 2020, shooting, for which the firearm had not been recovered. Defendants oppose the Motion.  Specifically, Sommerville moves to prelude the Government from mentioning the May 2020 arrest, contending that any such evidence runs afoul of Rules 402 and 403.[1]

_____

[1] Although Somerville titles his filing as a Motion in Limine, the substance of his Motion is responding to the Government's Motion regarding the May 2020 shooting.  Thus, the Court construes it as an opposition to the Government's Motion.

Defendants further argue that the officers lacked probable cause to arrest them and that neither Defendant has been charged with the May 2020 shooting.  However, whether law enforcement had probable cause to arrest the Defendants is an issue for the Court—not the jury—and the Court has ruled on it.  (See Docket No. 98.)  The Government is entitled to give the jury the context for the arrests here, and evidence regarding the shooting is that context.

The Government's Motion is granted, and the Court will provide an appropriate limiting instruction when that evidence is introduced at trial.

## B. 404(b) Evidence

Under Rule 404(b), the Government seeks to offer evidence that (1) police officers located a photograph on K.B.'s cellphone of Finley holding what appears to be a firearm, and (2) Illinois State Police arrested Finley on March 15, 2020, for being a felon in possession of a firearm.

Rule 404(b) provides that evidence of prior crimes or other bad acts is admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."  Fed. R. Evid. 404(b)(2).  Rule 404(b) prohibits "only evidence that tends solely to prove the defendant's criminal disposition."  United States v. Shoffner, 71 F.3d 1429, 1432 (8th Cir. 1995).  Evidence is admissible under Rule 404(b) if: (1) it is relevant to a material issue; (2) it is proven by a preponderance of the evidence; (3) its probative value outweighs its prejudicial effect; and (4) is similar to and close in time to the charged offense.  United States v. McGilberry, 620 F.3d 880, 886 (8th Cir. 2010).

### 1.      Photograph of Finley on K.B.'s Cellphone

The Government contends that the photograph of Finley holding what appears to be a gun shows knowledge of firearms and an intent to possess them.  Indeed, "[e]vidence that a defendant possessed a firearm on a previous occasion is relevant to show knowledge and intent."  United States v. Walker, 470 F.3d 1271, 1274 (8th Cir. 2006).  Defendants oppose the Government's Motion, contending that the photograph contains merely what appears to be a firearm, and that there is no proof that it is such.  Defendants may elicit testimony to that end at trial, but the evidence is relevant and admissible.

Further, Defendants contend, without explanation, that K.B. did not consent to law enforcement searching the cellphone on which they found the photograph.  A motion in limine is not the appropriate mechanism to challenge a search's legality.   The Government's Motion is granted as to the photograph of Finley.

### 2.      Trooper Gutierrez's Testimony

On March 19, 2020, Illinois State Police Trooper Daniel Gutierrez arrested Finely for being a felon in possession of a firearm.  The Government intends for Trooper Guiterrez to testify regarding this incident.  Defendants contend that the reports of the incident that the Government seeks to submit in evidence are incomplete, that there is no evidence that Finley ever touched the gun recovered in that incident, and that Finley has not been indicted for that incident.  Defendants can explore these issues on cross examination.

Trooper Gutierrez's testimony regarding the March 2020 arrest is relevant and probative to establish Finley's intent and knowledge.  Therefore, it is admissible, and the Government's Motion is granted.

**C.**     **Use of Force**

Under Rule 403, the Government seeks to preclude Defendants from introducing or referencing any "national or local controversies regarding use of force by police officers" or any argument that excessive force was used against them in this case, without a particular argument as to why such an inquiry is relevant.  Defendants do not oppose this Motion. This Motion is granted.

**D.**     **Hearsay**

The Government seeks to preclude Defendants from referencing any of their hearsay statements.  Any such reference is prohibited under the rule against hearsay, unless it falls under one of the exceptions to that rule.  See Fed. R. Evid. 803.  This Motion is denied without prejudice, subject to specific objection at trial.

**E.**     **Potential Punishment**

Finally, the Government moves to preclude Defendants from mentioning or referring to the punishment that they may face if convicted.  Defendants do not oppose this Motion, and it is granted.

**F.**     **Additional Arguments**

The Court will address the parties' arguments as to jury instructions at the charge conference.

Accordingly, **IT IS HEREBY ORDERED** that:

1. The Government's Motions in Limine are **GRANTED in part** and **DENIED without prejudice in part**; and

2. Defendant Somerville's Motion in Limine is **DENIED**.

Date:  <u>Thursday, August 19, 2021</u>

*s/ Paul A. Magnuson*

Paul A. Magnuson
United States District Court Judge
